**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| STEVEN PENDERGRASS,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN ROWE, et al.,<br><br>Defendants. | Civil Action No.: JRR-26-1793 |

**MEMORANDUM ORDER**

Plaintiff Steven Pendergrass, who is currently incarcerated at Western Correctional Institution, has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Because Pendergrass appears indigent, his request to proceed without pre-payment of the filing fee is granted. His Complaint, filed pursuant to 42 U.S.C. § 1983, has been reviewed by the Court pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A criteria. For the reasons that follow, the Complaint will be dismissed for failure to state a claim.

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require the Court to conduct an initial screening of this complaint. The Court is required to dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Pendergrass alleges that on July 6, 2025, he was transferred from Washington County Detention Center ("WCDC") to Maryland Correctional Training Center ("MCTC") to serve 18 months. ECF No. 1 at 4. Pendergrass states that all of his belongings should have been transferred to MCTC with him but his wallet was not sent with the rest of his personal property. *Id.*

Pendergrass filed a grievance trying to locate his wallet but was unsuccessful until he was transferred back to WCDC. *Id.* at 4-5. Upon his return, on March 13, 2026, he was informed that his wallet had been at WCDC the entire time. *Id.* at 5. Pendergrass speculates that "they did something with [his] identity and money bank or any of [his] personal information." *Id.* He asserts that the loss of his wallet caused him stress; seeks compensatory and punitive damages. *Id.*

Pendergrass's temporary loss of his wallet does not amount to a due process violation under the Fourteenth Amendment. In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U.S. 527, 540 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy. *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982). The Supreme Court has also extended its *Parratt* holding to intentional deprivations of property. *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 3203 (1984). As such, neither the negligent nor intentional loss of his property would be sufficient to state a claim for relief. Also, notably, Pendergrass's property was ultimately returned to him. Therefore, this Complaint will be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.[1]

Pendergrass is advised that his right to pursue relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1). Specifically, if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger

[1] Because the Complaint must be dismissed, Pendergrass's Motion to Add Hagerstown Police Dept. (ECF No. 9) will be denied.

of serious physical injury." 28 U.S.C. § 1915(g). Additionally, dismissal with or without prejudice for any of the grounds enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) may later be deemed a "strike" under the Act. *Lomax v. Ortiz-Marquez*, _U.S._, 140 S.Ct. 1721, 1724 (2020), *see also* 28 U.S.C. § 1915(g); *Pitts v. South Carolina*, 65 F.4th 141 (4th Cir. 2023) (holding district court may not, at the time it dismisses a complaint under §1915(e), determine that the dismissal will count as a strike in the future application of § 1915(g)'s three strike rule).

Accordingly, it is this 15th day of October, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Pendergrass's Motion to Proceed in Forma Pauperis (ECF No. 2) IS GRANTED;
2. Pendergrass's Motion to Add Hagerstown Police Dept. (ECF No. 9) IS DENIED;
3. The Complaint IS DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and
4. The Clerk SHALL PROVIDE a copy of this Order to Pendergrass and CLOSE this case.

/S/

Julie R. Rubin
United States District Judge